UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY,** *Plaintiff* | § § § § | |
| | § | No. 1:21-CV-01129-RP |
| **v.** | § § | |
| **RODRIGUEZ ENGINEERING LABORATORIES,** *Defendant* | § § | |

# ORDER

Before the Court is Non-Party Central Texas Highway Constructor's, LLC's Motion for Leave to File Amicus Brief, Dkt. 22, and all related response and replies.

Non-party Central Texas Highway Constructors ("CTHC") moves to file an amicus brief as an additional response to Evanston Insurance Company's Motion for Summary Judgment, Dkt. 13. Evanston objects, asserting the request is untimely and that it impermissibly raises factual issues outside those raised by the parties. Dkt. 23, at 1.

No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs. Likewise, the Local Rules of the United States District Court for the Western District of Texas do not address the issue. Accordingly, the undersigned refers to case law on the issue set out by the United States Court of Appeals for the Fifth Circuit and district courts within the circuit.

1

Generally, courts have "broad discretion" to admit an amicus curiae. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012). According to the Fifth Circuit, "'Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace.'" *Id.* at 596 (quoting *Nat'l Org. for Women, Inc. v. Scheilder*, 223 F.3d 615, 616 (7th Cir. 2000)). "The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Sierra Club v. F.E.M.A.*, No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007). Nonetheless, "An amicus who argues facts should rarely be welcomed." *Strasser v. Doorley, Jr. et al.*, 432 F.2d 567 (1st Cir. 1970). Additionally, "acceptance of an ... amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988). Moreover, a district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an amicus curiae to participate. Chief among those differences is that a district court resolves fact issues. *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982). Moreover, a district court should consider whether the information offered through the amicus brief is "timely and useful" or otherwise necessary. *Id.* A court should also consider whether the individual or organization seeking to file the amicus brief is an advocate for one of the parties, which is generally viewed with disfavor. *Id.*

In this case, CTHC moves to submit an "amicus brief" in response to Evanston Insurance Company's motion for summary judgment. CTHC submits that Evanston

is seeking to deny Rodriguez professional liability insurance coverage for claims brought by CTHC against Rodriguez. CTHC submits its amicus in support of Rodriguez's case, and raises "a number of material factual and legal arguments" which Rodriguez did not raise. Dkt. 22, at 1. CTHC asserts that Rodriguez's failure to raise these arguments would result in an outcome that would prejudice CTHC's rights as an underlying claimant.

The undersigned finds that in light of various considerations identified above, the motion for leave should be denied. CTHC files its brief to advocate on behalf of Rodriguez, not as a true "friend of the court." CTHC's interest focuses on the result of this particular coverage dispute, not a broader legal interest. Additionally, CTHC's brief is not "timely and useful" and in fact introduces new factual and legal issues not previously addressed by the parties. Moreover, the parties are represented by paid counsel, and adequately represented by such. The amicus brief is neither neutral nor designed to assist the Court. The undersigned finds that allowing its filing in this case would merely allow the Defendant to have an additional, and unfair, opportunity to re-argue the facts and law of its case.

The undersigned **DENIES** Non-Party Central Texas Highway Constructor's, LLC's Motion for Leave to File Amicus Brief, Dkt. 22.

SIGNED January 20, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE